UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
YOUNG CHUL KIM,                     :
                                    :   Honorable Madeline Cox Arleo
            Plaintiff,              :   Civil Action No. 11-5797 (SDW)
                                    :
v.                                  :   **REPORT AND RECOMMENDATION**
                                    :
SHARON HANNA PRESCHOOL &            :
ACADEMY, HANNA JOO and              :
SHARON JUNG,                        :
                                    :
            Defendants.             :
_____ :


## BACKGROUND

On October 5, 2011, plaintiff Young Chul Kim ("Plaintiff") filed the Complaint. On October 26, 2011, Sun Hwa Chung on behalf of defendant Sharon Hanna Preschool & Academy ("Academy") only, requested an extension of time to answer the Complaint. The Court granted the request and extended the Academy's time to answer until December 1, 2011. It also reminded defendant that, as a corporation, it could not represent itself pro se.

By letter dated December 20, 2011, Ms. Chung again contacted the court requesting additional time for the Academy to answer. On December 22, 2011, Plaintiff requested entry of default against the Academy as well as defendants Hanna Joo ("Joo") and Sharon Jung ("Jung") which the Clerk entered on the docket on December 22, 2011.

On December 30, 2011, Attorney Yvette Claudia Sterling ("Sterling") entered an appearance on behalf of the Academy and Jung. On January 5, 2012, Ms. Sterling filed a motion to vacate entry of default against the Academy and Jung only, noting that she was not entering an appearance on behalf of Joo because she was not properly served. (See Cert. of Counsel ¶ 2 at Dkt. Entry 10).

On January 10, 2012, the Court extended the Academy's time for responding to the Complaint and again advised the Academy, as a corporation, it cannot represent itself pro se.

On January 17, 2012, the Academy and Jung filed their Answer with affirmative defenses (Docket No. 12). On January 18, 2012, this Court entered a Letter Order, scheduling an initial conference for March 7, 2012 and directing the parties to file a joint discovery plan. The Court rescheduled the conference to March 19, 2012.[1]

On March 19, 2012, Ms. Sterling did not appear for the conference. On March 20, 2012, this Court entered an Order to Show Cause returnable on April 16, 2012, directing attorney Sterling to show cause why monetary/reprimand sanctions should not be imposed for her failure to appear.

At the April 16, 2012 hearing, attorney Sterling apologized for her failure to appear and cited problems in her office. This Court subsequently vacated the Order to Show Cause. The Court also entered a Scheduling Order on April 19, 2012, directing the parties to exchange Fed. R. Civ. P. 26 disclosures and serve written discovery.

On June 19, 2012, Sterling filed a motion to withdraw as counsel for the Academy and Jung.[2] On June 26, 2012, this Court granted Sterling's motion to withdraw as counsel for all three defendants, directed her to provide defendants with copies of the Order, and scheduled a status conference for August 13, 2012. As to the corporate defendant, Academy, this Court advised that counsel must appear because, as a corporate entity, cannot represent itself under applicable law. See

---

[1] On March 9, 2012, plaintiff, the Academy and Jung filed a Consent Order setting aside the entry of default. Based on this Court's review of the official docket, it appears that defendant Joo never moved to vacate default or filed an answer.

[2] In her motion papers, attorney Sterling confusingly states that she also represents defendant Hanna Joo, despite her statements contained in prior court submissions to the contrary. (See Dkt. Entry 10).

Simbraw v. United States, 367 F.2d 373, 374 (3d. Cir. 1966). The Order also provided that if new counsel failed to enter an appearance on behalf of Academy by August 1, 2012, that this Court would ask the District Judge to strike its Answer and to enter default against it.

Defendants failed to appear at the August 13, 2012 status conference. On August 27, 2012, this Court issued an Order to Show Cause returnable on September 10, 2012, why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), for defendants' failure to appear at the conference. Defendants were directed to file any written submissions with this Court on or before September 7, 2012. No written submissions were filed and on September 10, 2012, no party or counsel appeared on behalf of any of the defendants at the conference.

## DISCUSSION

### A.   *Imposition of Sanctions Against Corporate Defendant, Academy*

The failure of corporate defendant Academy to retain counsel requires this Court to recommend that the District Court strike its Answer and affirmative defenses, order that default be entered against it, and permit plaintiff to proceed to judgment by default as to defendant Academy. It is well-settled in the Third Circuit that corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d. Cir. 1966).

Following this Court's order of June 26, 2012 relieving Sterling as defense counsel, this Court afforded Academy thirty-five (35) days to retain new counsel, and explained that a corporate entity cannot represent itself under applicable law. Additionally, the Court warned Academy that if counsel failed to enter an appearance on its behalf by August 1, 2012, this Court would ask the District Court to strike its Answer and enter default against it.

Despite the Court's order, Academy has not retained counsel. Further, counsel failed to appear on its behalf at both the August 13, 2012 status conference and the September 10, 2012 Order to Show Cause hearing. Therefore, I recommend that the District Court strike the Answer with affirmative Defenses of corporate defendant Academy (Dkt. Entry 12), enter default against it, and allow plaintiff to proceed to judgment by default as to defendant Academy.

### B.   *Imposition of Sanctions Against Individual Defendants, Hanna Joo and Sharon Jung*

The failure of individual defendants, Joo and Jung, to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casulty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. The Court is required to balance each factor in its analysis. Id.

#### 1.   **The Extent of Joo and Jung's Personal Involvement**

Following the Court's June 26, 2012 Order relieving Sterling as counsel for both defendants, the Court afforded Joo and Jung forty-five days or until August 13, 2012, to retain new counsel or appear before the Court on a pro se basis. Neither individual defendant appeared on August 13, 2012 or September 10, 2012 as directed. This Court finds that Joo and Jung are personally responsible for their failure to comply with the Orders of this Court. Their failure to appear and

defend against this action demonstrates a willful decision to disregard the orders of the Court. Despite the Court's warnings that continued failure to comply would result in sanctions, Joo and Jung ignored the Court's orders of June 26, 2012 and August 27, 2012.

Joo and Jung are not exempt for responsibility for failure to abide by Court orders simply because they are treated as pro se litigants. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). These individual defendants have continuously failed to comply with court ordered appearances for conferences with no explanation as to why.

Joo and Jung made purposeful decisions to refuse to appear for court ordered conferences. Accordingly, this factor favors striking defendants' Joo and Jung's Answer with affirmative defenses, entering default against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants, Joo and Jung.

### 2. Prejudice to the Plaintiff

Based on the individual defendants Joo and Jung's decisions to disregard court orders, plaintiff is incapable of prosecuting his claims against them. Despite multiple orders from the Court, Joo and Jung have failed to attend two in-person conferences or otherwise defend against this case. The inaction by defendants Joo and Jung has prejudiced plaintiff in his ability to proceed with discovery. Indeed based on the inaction of Joo and Jung, it is impossible for the plaintiff to understand the defenses of these defendants and adequately respond to the same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendants with specific

5

information and documentation concerning the damages calculation in a timely fashion. The court explained "while prejudice for the purpose of the Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain the defenses of Joo and Jung in this suit or prosecute his claims against them. The decision not to appear at Court ordered conferences or otherwise defend against plaintiff's claims weighs in favor of striking Joo and Jung's Answer with affirmative defenses, entering default against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants, Joo and Jung.

### 3.   **History of Dilatoriness**

Again, Joo and Jung have made no attempt to explain their failure to personally defend against this action or appear for court appearances since their attorney withdrew from the case. As set forth above, this Court made several efforts to permit the defendants to defend against this suit, including extending the time to answer the complaint, adjourning court ordered conferences, allowing time for defendants to secure new counsel after Sterling withdrew from the case, and issuing an Order to Show Cause wherein Joo and Jung were directed to appear for the previously missed August 13, 2012 Status Conference.

Poulis makes it clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request

6

for an extension should be made to the court.  A history…of ignoring these time limits is intolerable." 747 F.2d at 868.  Joo and Jung have failed to either retain counsel or appear at court hearing on August 13, 2012 (resulting in an Order to Show Cause) and September 10, 2012.  Despite court orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of striking Joo and Jung's Answer with affirmative defenses, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants, Joo and Jung.

    **4.**    **<u>Defendants' Conduct Has Been Willful</u>**

Following their attorney's withdrawal from the case, at no time did Joo or Jung ever attempt to contact the Court or otherwise present a defense in this action. Given Joo and Jung's failure to provide any explanation for their failure to participate in their defense of this case, the Court finds their failure to comply with court orders was willful in nature.  As set forth above, Joo and Jung have failed to appear for in person conferences. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith.  <u>See</u> <u>Ware</u>, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  Therefore, this factor weighs in favor of striking Joo and Jung's Answer with affirmative defenses, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants, Joo and Jung.

    **5.**    **<u>Effectiveness of Alternative Sanctions</u>**

As the record reflects, this Court has provided Joo and Jung several opportunities to appear at court ordered conferences and defend against this suit.  The record is also replete with the failures of Joo and Jung to do so.  To continue to allow Joo and Jung further opportunities to appear at court

conferences and present a defense to plaintiff's claims would make this case impossible for the Court to move forward and for plaintiff to prosecute his claims. Defendants' refusal to follow Court Orders has been evidenced since their attorney's withdrawal from the case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See Fed.R.Civ.P. 37(b)(2). Joo and Jung have made it clear that they will not defend against plaintiff's claims. Despite court orders, the non-compliance has continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction there is to strike Joo and Jung's Answer with affirmative defenses, order that default be entered against them, and allow plaintiff to proceed to judgment by default as to the individual defendants, Joo and Jung.

### 6. Meritoriousness of the Defense

The Court has reviewed Joo and Jung's Answer to the Complaint. However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of their defense. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking their Answer with affirmative defenses; entering default against them; and allowing plaintiff to proceed to judgment by default as to the individual defendants Joo and Jung, this Court declines to consider this factor in weighing the recommended sanctions.

### CONCLUSION

This Court's recommendation of striking the Answer with affirmative defenses of defendants Sharon Hanna Preschool & Academy, Hanna Joo, and Sharon Jung, ordering that default be entered against them, and allowing plaintiff to proceed to default judgment as to these defendants is not made lightly. However, this Court is convinced it is left with no other recourse. This Court offered

8

defendants multiple opportunities to appear at court ordered conferences, but to no avail. This Court also repeatedly warned them that continuation of this conduct would result in sanctions. Furthermore, with regard to corporate defendant, Academy, corporations cannot represent themselves pro se under Third Circuit law. See Simbraw, 367 F.2d at 374. Under the circumstances, no less onerous sanctions would be appropriate.

For the above reasons set forth, I recommend that the District Court strike the Answer with affirmative Defenses of defendants Hanna Joo and Sharon Jung and corporate defendant Sharon Hanna Preschool & Academy (Docket Entry No. 12), order that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to all defendants. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: November 28, 2012

Orig:   Clerk of Court
        Hon. Susan D. Wigenton
        All Parties
        File